UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUCIA JIMENEZ, | ) | Case No. CV 12-01676-JEM |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | AFFIRMING DECISION OF THE |
| | ) | COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On October 5, 2012, Lucia Jimenez ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits.  The Commissioner filed an Answer on January 24, 2013.  On June 10, 2013, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 56-year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on January 6, 2011, alleging disability beginning October 14, 2009.  (AR 11.)  The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 14, 2009.  (AR 13.)

Plaintiff's claims were denied initially on August 12, 2011, and on reconsideration on October 21, 2011.  (AR 11.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph D. Schloss, on April 3, 2012, in Moreno Valley, California.  (AR 11.)  Plaintiff appeared and testified at the hearing and was represented by counsel.  (AR 11.)  Medical expert ("ME") Glenn E. Griffin, M.D. and vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing.  (AR 11.)

The ALJ issued an unfavorable decision on April 10, 2012.  (AR 11-22.)  The Appeals Council denied review on August 20, 2012.  (AR 1-6.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

    1.     Whether the ALJ properly considered the medical evidence as contained in the treating opinion of Ibrahim Sumaril, M.D.?

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

1   reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at

2   401 (internal quotation marks and citation omitted).

3       This Court must review the record as a whole and consider adverse as well as

4   supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where

5   evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

6   upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

7   "However, a reviewing court must consider the entire record as a whole and may not affirm

8   simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882

9   (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

10  F.3d 625, 630 (9th Cir. 2007).

11                              **THE SEQUENTIAL EVALUATION**

12      The Social Security Act defines disability as the "inability to engage in any substantial

13  gainful activity by reason of any medically determinable physical or mental impairment which

14  can be expected to result in death or . . . can be expected to last for a continuous period of not

15  less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has

16  established a five-step sequential process to determine whether a claimant is disabled.  20

17  C.F.R. §§ 404.1520, 416.920.

18      The first step is to determine whether the claimant is presently engaging in substantial

19  gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging

20  in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137,

21  140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or

22  combination of impairments. Parra, 481 F.3d at 746.  An impairment is not severe if it does not

23  significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.

24  1996).  Third, the ALJ must determine whether the impairment is listed, or equivalent to an

25  impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d

26  at 746.  If the impairment meets or equals one of the listed impairments, the claimant is

27  presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine

28

whether the impairment prevents the claimant from doing past relevant work.  Pinto v.
Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's
residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  Residual functional capacity
("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an
assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).
The RFC must consider all of the claimant's impairments, including those that are not severe.
20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work,
the ALJ proceeds to the fifth step and must determine whether the impairment prevents the
claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864,
869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four,
consistent with the general rule that at all times the burden is on the claimant to establish his or
her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established
by the claimant, the burden shifts to the Commissioner to show that the claimant may perform
other gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support
a finding that a claimant is not disabled at step five, the Commissioner must provide evidence
demonstrating that other work exists in significant numbers in the national economy that the
claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R.
§ 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and
entitled to benefits.  Id.

### THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has
not engaged in substantial gainful activity since October 14, 2009, the alleged onset date.  (AR
13.)

At step two, the ALJ determined that Plaintiff has the following combination of medically
determinable severe impairments: neck pain and history of impingement syndrome of the right
shoulder with partial tear of the right rotator cuff.  (AR 13-16.)

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 17.)

The ALJ then found that Plaintiff has the RFC to perform the full range of medium work as defined in 20 CFR §§ 404.1567(c) and 416.967(c).  (AR 17-21.)  In determining this RFC, the ALJ made an adverse credibility determination (AR 17-19) which Plaintiff does not challenge here.

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a sandwich maker and security guard.  (AR 21.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the ALJ's decision.  (AR 21.)

## DISCUSSION

The ALJ decision must be affirmed.  The ALJ properly rejected the treating physician opinion of Dr. Ibrahim Sumaril for specific, legitimate reasons supported by substantial evidence.  The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**I.    THE ALJ PROPERLY REJECTED THE TREATING PHYSICIAN'S OPINION**

The ALJ's RFC limits Plaintiff to medium work.  (AR 17.)  The ALJ also made an adverse credibility finding.  (AR 17-19.)  Significantly, Plaintiff does not challenge this finding.  Plaintiff's only argument is that the ALJ improperly rejected the treating physician opinion of Dr. Ibrahim Sumaril.  There is no merit to Plaintiff's contention.  The ALJ rejected Dr. Sumaril's opinion for specific legitimate reasons supported by substantial evidence.

**A.    Relevant Federal Law**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who

neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20
C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In
general, an ALJ must accord special weight to a treating physician's opinion because a treating
physician "is employed to cure and has a greater opportunity to know and observe the patient
as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If
a treating source's opinion on the issues of the nature and severity of a claimant's impairments
is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is
not inconsistent with other substantial evidence in the case record, the ALJ must give it
"controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be
rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the
treating physician's opinion is contradicted by another doctor, such as an examining physician,
the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons,
supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495
F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating
physician's opinion is contradicted by an examining professional's opinion, the Commissioner
may resolve the conflict by relying on the examining physician's opinion if the examining
physician's opinion is supported by different, independent clinical findings.  See Andrews v.
Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an
uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing
reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's
opinion is contradicted by another physician's opinion, an ALJ must provide specific and
legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot
by itself constitute substantial evidence that justifies the rejection of the opinion of either an
examining physician or a treating physician"; such an opinion may serve as substantial
evidence only when it is consistent with and supported by other independent evidence in the
record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.      Analysis**

In a February 2, 2011, Medical Source Statement, Dr. Sumaril of the Palm Springs Family Care Center provided an RFC inconsistent with the ALJ's RFC.  (AR 550-554.)  He diagnosed moderate shoulder pain with "rotator cuff abnormalities" and reduced range of motion.  (AR 550.)  He opined that Ms. Jimenez can lift up to 20 pounds occasionally and 10 pounds frequently, sit for 6 hours in an 8-hour work day and stand/walk 2 hours.  (AR 551-553.)  Dr. Sumaril described Ms. Jimenez as limited to occasional right hand reaching.  (AR 553.)  He opined Ms. Jimenez would miss work two days a month.  (AR 554.)

An ALJ "may disregard a treating physician's opinion whether or not that opinion is contradicted."  Magallanes, 881 F.2d at 751.  Here, Dr. Sumaril's opinion was contradicted by other medical evidence and the ALJ provides specific, legitimate reasons for rejecting Dr. Sumaril's opinion.  First, the ALJ rejected Dr. Sumaril's opinion because the Medical Source Statement was a "checklist-style form that includes only conclusions . . . without any rationale for those conclusions."  (AR 20.)  Molina v. Astrue, 674 F.3d 1104, 1111-1112 (9th Cir. 2012) (ALJ may permissibly reject check-off reports that do not contain any explanation of their bases).  The ALJ found that Dr. Sumaril failed to explain how the Claimant's impairments impose the severe exertional and postural limitations he assessed when the identified diagnosis involves only the right upper extremity.  (AR 20.)  The ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."  Thomas, 278 F.3d at 957; accord, Batson v. Comm'r, 359 F.3d 1190, 1196 (9th Cir. 2004) (an ALJ may discredit a treating physician's opinion that is conclusory, brief and unsupported by the record as a whole, or by objective findings).

Plaintiff cites to treatment records purporting to show Ms. Jimenez had an irreparable rotator cuff tear, as supporting Dr. Sumaril's opinion.  Dr. Sumaril, however, did not cite these records and only diagnosed "rotator cuff abnormalities," not an irreparable tear.  (AR 550.)  Plaintiff offers no rebuttal to the ALJ's finding that Dr. Sumaril failed to explain how her impairments could cause the exertional and postural limitations assessed.  Nor is there any explanation why Plaintiff would miss work two days a month.   The ALJ's finding that Dr.

7

1    Sumaril's Medical Source Statements offers conclusions without explanation is reasonable, not

2    adequately addressed or rebutted by Plaintiff, and supported by substantial evidence.

3           Second, the ALJ rejected Dr. Sumaril's opinion because it was based on Plaintiff's

4    subjective report of symptoms which Dr. Sumaril accepted uncritically.  (AR 20.)  The ALJ also

5    made an adverse credibility determination that Plaintiff does not challenge (AR 19), which

6    severely undermines Dr. Sumaril's opinion.  An ALJ may reject a physician's opinion based on

7    discredited subjective symptoms.  Tonapetyan, 242 F.3d 1144, 1149 (9th Cir. 2001); Andrews,

8    53 F.3d at 1043 ("an opinion of disability premised to a large extent upon claimant's own

9    accounts of his symptoms and limitations may be disregarded once those complaints have

10   themselves been properly discounted").  Plaintiff asserts that the ALJ has not offered legitimate

11   reasons for rejecting Dr. Sumaril's opinion but never addresses the ALJ's adverse credibility

12   determination and the ALJ's citation of it as a reason for rejecting Dr. Sumaril's opinion.  Plaintiff

13   completely fails to address the impact of the ALJ's adverse credibility finding on the reliability of

14   Dr. Sumaril's opinion.

15          The ALJ, for example, found that Plaintiff's pain symptoms were "well controlled with

16   Tramadol . . . without complaints of ineffectiveness."  (AR 18.)  Impairments that can be

17   controlled effectively with medication are not disabling.  Warre v. Comm'r, 439 F.3d 1001, 1006

18   (9th Cir. 2006); see also 20 C.F.R. § 416.929(c)(4)(iv)(in considering the severity and limiting

19   effects of an impairment, an ALJ may consider the effectiveness of medication the claimant has

20   taken).  Plaintiff does not address or even discuss this finding.

21          The ALJ also found that treatment for Plaintiff's alleged impairment "has been essentially

22   routine and conservative," consisting of Tramadol and over-the-counter Motrin.  (AR 19.)  The

23   ALJ observed that Plaintiff never sought follow-up treatment or surgical intervention.  (AR 19-

24   20.)  Infrequent, conservative treatment is not indicative of a disabling impairment.

25   Conservative treatment is a valid factor in assessing crediblity.  Tommasetti v. Astrue, 533 F.3d

26   1035, 1039-1040 (9th Cir. 2008); Rollins v, Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ

27   reasonably discounted a treating physician's opinion where conservative treatment was

28

1   inconsistent with symptoms one would expect if claimant was disabled).  Again, Plaintiff does
2   not address or even discuss this finding.

3       Most importantly, the ALJ discounted Plaintiff's subjective symptoms and Dr. Sumaril's
4   opinion because the objective medical evidence does not substantiate Claimant's subjective
5   symptoms.  (AR 18, 19, 21.)  An ALJ is entitled to consider whether there is a lack of medical
6   evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason
7   for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-681 (9th Cir.
8   2005); Thomas, 278 F.3d at 959.  The ALJ relied heavily on the opinion of consulting examiner
9   Dr. Zaven Bilezkjan.  (AR 19, 20-21, 304-307).  His medical tests revealed normal station and
10  gait, no trouble ambulating and only a slightly decreased range of motion in the shoulder.  (AR
11  306.)  He diagnosed impairment of the right shoulder with partial tear of the rotator cuff.  (AR
12  306.)  He opined that Plaintiff is able to push, pull, lift and carry 50 pounds occasionally and 25
13  pounds frequently.  (AR 307.)  The ALJ based his RFC on Dr. Bilezkjan's report.

14      Plaintiff argues that the ALJ imposes no right upper extremity limitation at all.  This is not
15  true.  Based on Dr. Bilezkjan's report, the ALJ limited Plaintiff to medium work.  Plaintiff's
16  argument that Bilezkjan's opinion is not substantial evidence is plainly meritless.

17      Plaintiff argues that an examining doctor who makes the same diagnoses as a treating
18  physician, differing only in conclusions, cannot be substantial evidence, citing Orn.  Orn does
19  make that holding as to non-examining physicians but expressly held otherwise as to examining
20  physicians.  495 F.3d at 632.  Dr. Bilezkjan was an examining physician whose opinion,
21  because it is based on independent clinical findings, is substantial evidence.  Id.

22      Plaintiff may disagree with the ALJ's evaluation of the evidence but it is the ALJ who is
23  responsible for resolving conflicts in the medical evidence and ambiguities in the record.
24  Andrews, 53 F.3d at 1039; Magallanes, 881 F.2d at 750.  Where the ALJ's interpretation of the
25  evidence is reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

26      The ALJ properly rejected Dr. Sumaril's opinion for specific, legitimate reasons
27  supported by substantial evidence.  The ALJ's non-disability determination is supported by
28  substantial evidence and free of legal error.

9

1

**ORDER**

2        IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

3   Commissioner of Social Security and dismissing this case with prejudice.

4

5   DATED: June 24, 2013                                    /s/ John E. McDermott
                                                        JOHN E. MCDERMOTT
6                                                       UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28